UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS CAMARDA, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br>MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

### PARTIES

4. Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. MIDLAND CREDIT maintains a location at 2365 Northside Drive, Suite 300, San Diego, California 92108.

6. MIDLAND CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

7. MIDLAND CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

8. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**FACTUAL ALLEGATIONS**

13. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. At some time prior to May 17, 2018, Plaintiff allegedly incurred a financial obligation to CITIBANK SEARS ("CITIBANK").

15. The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. Plaintiff incurred the CITIBANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

17. The CITIBANK obligation did not arise out of a transaction that was for non-personal use.

18. The CITIBANK obligation did not arise out of a transaction that was for business use.

19. The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. The CITIBANK obligation was charged-off by CITIBANK in November 2009.

22. At some time prior to May 17, 2018, the CITIBANK obligation was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND FUNDING").

23. At the time the CITIBANK obligation was purchased by and/or sold to MIDLAND FUNDING the CITIBANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

24. Defendants caused to be delivered to Plaintiff a letter dated May 17, 2018, which was addressed to Plaintiff and sought a balance of $4,821.85. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

25. The May 17, 2018 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

26. The May 17, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the May 17, 2018 letter.

28. The May 17, 2018 letter stated in part:

> This may sound too good to be true but it's not – it's the truth. Pay 10% of your balance and we will consider this debt paid. (emphasis added)

29. The May 17, 2018 letter also stated in part that:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. **Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau**. (emphasis added)

30. The time period that collection items can remain on a person's credit history is limited by 15 U.S.C. § 1681c.

31. Pursuant to 15 U.S.C. § 1681c et seq., the time period is generally limited to 7 years ("7 year reporting period").

32. The 7 year reporting period allowed by 15 U.S.C. § 1681c et seq. ended at some time prior to May 17, 2018.

33. The May 17, 2018 letter implied that while it would not report payment of the CITIBANK obligation to a credit bureau, it would and could continue to report other information regarding the CITIBANK obligation to a credit bureau.

34. MIDLAND CREDIT knew or should have known that its actions violated the FDCPA.

35. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

36. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

     (a)    Using false, deceptive or misleading representations or means in connection with the attempted collection of a debt;

     (b)    Making a false representation of the character or legal status of the debt; and

     (c)    Communicating to any person credit information which is known to be false.

37. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons within Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

39. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from MIDLAND CREDIT, in the form attached as Exhibit A, concerning a debt owned by MIDLAND FUNDING, LLC, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

40. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who

      were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least thirty (30) persons (*See* **Exhibit A**)**.** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    i.      Whether the Defendants violated various provisions of the FDCPA:

    ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

41. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

42. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

43. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

44. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46. The May 17, 2018 letter would cause the least sophisticated consumer to believe that the obligation was still being reported to a credit bureau.

47. The May 17, 2018 letter would cause the least sophisticated consumer to believe that even though the obligation was being reported to a credit bureau, Defendant would not report to a credit bureau if a payment was made on the obligation.

48. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

50. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that the obligation was eligible to be reported to one or more of the national credit bureaus.

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the obligation was within the 7 year period to be reported to one or more of the national credit bureaus.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that while it would continue to report other information regarding the CITIBANK obligation to a credit bureau, it would not report payment of the obligation to a credit bureau.

53. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

54. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that the obligation was eligible to be reported to one or more of the national credit bureaus.

55. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

56. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

57. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt

58. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

60. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

61. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

62. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

63. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

  (b) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding Plaintiff and the Class actual damages;

  (d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## JURY DEMAND FOR TRIAL BY

Plaintiff demands trial by jury on all issues so triable.

Dated: April 29, 2019

            _____
            Robert P. Cocco, Esq. (Pa. No. 61907)
            Law Offices of Robert P. Cocco, P.C.
            1500 Walnut Street, Suite 900
            Philadelphia, Pennsylvania 19102
            (215) 351-0200 telephone
            (215) 261-6055 facsimile

# EXHIBIT A

**mcm** Midland Credit Management, Inc.
2365 Northside Drive
Suite 300
San Diego, CA 92108

05-17-2018

# 90% Discount

P14T435 001

Thomas Camarda
221 S 12th St Apt N701
Philadelphia, PA 19107-5555

| Original Creditor | Citibank |
|---|---|
| Original Account Number | 5121079748547293 |
| MCM Account Number | 8533679729 |
| Current Balance | $4,821.85 |
| Current Owner | Midland Funding LLC |

### Yes – Pay using a 90% discount to resolve this debt.

**RE Citibank   Sears**

**Dear Thomas,**

We have been working with you to resolve this debt for quite a while and it's time to place the matter behind us so we want to offer you this unbelievable deal to pay using a 90% discount. This may sound too good to be true but it's not - it's the truth. Pay 10% of your balance and we will consider this debt paid. **Call (800) 321-3809** before this offer expires on 06-16-2018.

## 90% Discount

### You are 3 easy steps away from eliminating this debt forever:

**Decide**
to accept this offer.

**Pay**
the discounted amount.

**Forget**
the rest of this balance.

We know you may be skeptical about this offer and you probably have questions, so **call us at (800) 321-3809** and let one of our skilled Account Managers guide you to total peace of mind. Once you make your payment you will not receive another collection letter or collection call associated with this debt ever again!

Enjoy the peace of mind that many consumers like you have felt by paying off their debt. **Thomas,** this is your opportunity take back control! If you would like to set up a payment plan call today at (800) 321-3809.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

---

We are not obligated to renew any offers provided.


Call:
(800) 321-3809

Hours of Operation:
Sun-Th: 5am-9pm PT; Fri-Sat: 5am-4:30pm PT;


Mail:
Payment Certificate

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

MCM Account Number       8533679729
Current Balance                  $4,821.85

Total Enclosed     $ _____ . ____

Mail Payments to:
Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

**Manage Your Account Online**
MCMPay.com

**Important Payment Information**

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 321-3809**

se habla espanol
(888) 422-5178

12 8533679729 6 0048219 061618 3 186595957

B464 PWF3

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

To report any inaccuracies or to dispute this debt, please call (800) 321-3809
Calls to and/or from this company may be monitored or recorded.

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | Citibank | MCM Account Number | 8533679729 |
| Original Account Number | 5121079748547293 | Charge-Off Date | 11-04-2009 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: | For disputes call (800) 321-3809 or write to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc<br>P.O. Box 51319<br>Los Angeles, CA 90051-5619 | Attn: Consumer Support Services<br>2365 Northside Drive<br>Suite 300<br>San Diego, CA 92108 | 80 Garden Center<br>Suite 3<br>Broomfield, CO 80020<br>Phone (303) 920-4763 |

If your payment method is a credit or debit card, it may be processed through our international card processor. Although our policy is to not charge consumers fees based upon their payment method, your card issuer may elect to do so due to the location of the card processor. If an international transaction fee has been charged by your card issuer, that fee is eligible for reimbursement. You may contact your Account Manager to modify your payment method to avoid these charges in the future and for information to initiate your reimbursement.

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

NMLS ID: 934164

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

PRODA